NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008
Decided November 14, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1428

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 CR 142-2 |
| ABIODUN IDOWU, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

**O R D E R**

Abiodun Idowu pleaded guilty to conspiring to import more than one kilogram of heroin, 21 U.S.C. § 952(a) and 963, and was sentenced to 121 months' imprisonment. Idowu appeals, but his appointed counsel have moved to withdraw because they cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738, 744 (1967). Idowu responded to their request to withdraw, *see* Cir. R. 51(b), and so we confine our review to the issues outlined in their facially adequate brief and Idowu's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In his *Anders* submission, counsel inform us that Idowu does not wish to challenge his guilty plea, but Idowu in his response argues that the colloquy was inadequate. He first

asserts that the court neglected to inform him of either the right to subpoena witnesses to appear at trial or the right to assistance of counsel on appeal.  Idowu misstates the record, however.  The court informed him of his rights "to call witnesses of your own if the case went to trial" and "to a lawyer representing you on appeal," and Idowu acknowledged at his change-of-plea hearing that he fully understood those rights.  Change of Plea Tr. at 8, 11.  Idowu next asserts that the court failed to inform him that he was pleading guilty to a charge with a statutory minimum sentence of ten years.  But the court informed him that "the minimum sentence that you are facing on these charges, the minimum would be ten years," and Idowu responded that he understood.  *Id.* at 16.  Idowu also seems to suggest that the judge failed to inform him of the scope of appellate rights that he would waive by pleading guilty.  However, he does not specify which rights he refers to, and in any event the plea agreement preserved his right to appeal the validity of the plea and the legality of the sentence imposed.  Plea Agreement at ¶ 20(b).  To the extent that Idowu relinquished the right to appeal from trial, the court explained during the colloquy that he was giving up that right.  Change of Plea Tr. at 11.

Counsel also question whether the district court should have sentenced Idowu below the statutory mandatory minimum.  (Idowu's 121-month sentence was just one month above the minimum.)  *See* 21 U.S.C. § 960(b)(1)(A).  However, only a limited number of circumstances allow for a departure below a statutory minimum, none of which apply here.  As counsel note, under 18 U.S.C. § 3553(a) and U.S.S.G. § 5K1.1, the government can move for a lower sentence based on the "substantial assistance" of the defendant to the investigation, but the government here filed no such motion.  Counsel also discuss U.S.S.G. § 5C1.2 (the "safety valve"), which allows first-time offenders to be sentenced below a statutory minimum if they meet certain conditions, such as having a criminal history score less than two and providing accurate information about the offense to the government.  Idowu, though, does not meet these conditions: the government noted at sentencing that Idowu continually "refused to cooperate" with their investigation, and Idowu has three criminal history points.  Any potential argument for a sentence below the statutory minimum would therefore be frivolous.

Counsel's final inquiry is whether the court properly evaluated Idowu's sentence under the factors listed in 18 U.S.C. § 3553(a).  However, Idowu's sentence is within the guideline range, and we therefore presume it to be reasonable.  *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007).  Further, the district court sufficiently considered the § 3553 factors at sentencing.  *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007); *United States v. Tockes*, 530 F.3d 628, 632 (7th Cir. 2008).  For example, the court specifically noted Idowu's significant criminal history and previous heroin conviction, Idowu's age and characteristics, and the fact that as a permanent resident Idowu will almost certainly be deported.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A-C).  After

evaluating these factors, the court imposed a sentence at the very bottom of the guidelines range and just one month above the statutory minimum. Any potential argument that the court failed to meaningfully consider the factors set forth in § 3553(a) would be frivolous.

In his 51(b) response, Idowu asks whether the district court properly calculated his sentence under the guidelines. Idowu complains that the criminal history category in his plea agreement (Category II) differed from that recommended by the probation officer and ultimately adopted by the court (Category III). However, the presentence investigation report reflects the probation officer's discovery of a drunk-driving conviction in 2000 that increased Idowu's criminal history score, *see* U.S.S.G. § 4A1.1(c). Idowu makes no argument why his conviction should not count under that provision, and the plea agreement confirms Idowu's acknowledgment that any predictions about the sentence he might receive were preliminary and non-binding. Any argument that the district court erred by relying on a higher criminal history category would be frivolous.

Idowu next argues that the district court erred by giving him a two-point reduction for acceptance of responsibility instead of the three points he requested. *See* U.S.S.G. § 3E1.1. The court granted Idowu two points because he pleaded guilty. But for Idowu to qualify for further reduction, the government had to file a motion acknowledging his assistance to their investigation. *See id.*, § 3E1.1(b); *United States v. Baretz*, 411 F.3d 867, 876 (7th Cir. 2005). However, the government made no such motion in this case, and therefore any contention that Idowu was entitled to an extra point for accepting responsibility would be frivolous.

Idowu also suggests that his sentence was improperly enhanced by a notice of prior conviction that the government filed under 21 U.S.C. § 851. In fact, the court dismissed the information (upon the government's motion) after Idowu agreed to change his plea to guilty. Change of Plea Tr. at 15; Sentencing Tr. at 32-33. The information, then, played no role in Idowu's sentence. Therefore, the claim is baseless.

To the extent that Idowu's response charges counsel with ineffective assistance, this claim is better pursued in a collateral proceeding. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005). In a collateral proceeding, Idowu could better develop the record to support such an argument.

We therefore GRANT the motion to withdraw and DISMISS Idowu's appeal.